UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA            )
                                    )
        v.                          )        1:18-cr-142-LM
                                    )
JARROD HOAGE                        )

UNITED STATES' MEMORANDUM REGARDING
DEFENSE REQUEST FOR PRODUCTION OF PROBATION'S FILE

### I.      Introduction

In 2019, defendant Jarrod Hoage was sentenced for committing a bank robbery.

Following two separate revocations, Hoage began serving a term of supervised release on

October 6, 2022.  On December 22, 2022, the U.S. Probation Office ("Probation") filed a

Superseding Petition for Warrant or Summons for Offender under Supervision.  The petition

alleges several violations, including the continued use of controlled substances, lying to the

probation officer, attempting to tamper with or obstruct drug testing, and the committing new

criminal conduct.  The Court held a preliminary hearing on the violations on January 10, 2023.

Probation Officer Carroll testified about each of the violations.  After his direct testimony,

counsel for the defendant requested Probation's internal file on Hoage under Federal Rule of

Criminal Procedure 32.1.  The Court continued the hearing to February 13, 2023, so that the

parties could address the request.

To limit the issues, defense counsel proposed that Probation prepare the analogue of a

"privilege log," consisting of a list of documents in Probation's possession and a brief

description of the general nature of those documents.  The Government proposed having

Probation identify categories of documents (i.e., chorological notes, internal memorandum, etc.)

that Probation keeps rather than an itemized list of documents specific to this matter.  Probation

declined both suggestions and takes the position that it will not provide any materials from its internal file.

## II.        Federal Rule of Criminal Procedure 26.2

Although revocation proceedings are subject to "minimum requirements of due process," they do require the disclosure of witness statements as defined by Federal Rule of Criminal Procedure 26.2(f). *United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008); Fed. R. Crim. P. 32.1(e) ("Rule 26.2(a)-(d) and (f) applies at a hearing under this rule.").  The Government must disclose a witness's statement if that statement "is in [the Government's] possession" and "substantially relates to the subject matter of the witness's testimony." Fed. R. 26.2(a).   Several courts have held that Rule 26 is inapplicable to Probation's internal file because the file is not in the possession of the government.  *United States v. Denson*, No. 13-10111, 2016 WL 7210722, at *1 (Kan. Dec. 13, 2016) ("[A]s an arm of the district court, the [Probation office's] notes are in the court's possession."); *United States v. Rockot*, 2013 WL 5536224, *3 (W.D. Pa. Oct. 7, 2013) ("[A]s the government aptly notes, [Rule 26.2] only applies to statements in its possession, and the government does not have the probation officer's chronological notes as they are confidential records which were prepared by the probation office for use in carrying out her duties as a member of the judiciary, not as an arm of the government or part of the prosecution."); *United States v. Houston*, 20-09 WL 2488176, *3 (E.D. Cal. Aug. 13, 2009) ("[T]he [Probation officer's] chrono notes are not in the government's constructive possession and so are not subject to production under Federal Rule of Criminal Procedure 26.2").  Indeed, the "probation officer's chronological notes undisputedly constitute confidential records which are prepared by the probation officer for use in carrying out his or her duties as a member of the judiciary, not as an arm of the prosecution." *United States v. Rivera-Rodríguez*, 321 F. Supp. 3d

278, 281 (P.R. 2018) (internal quotation marks and alterations omitted).  As such, Hoage is not

entitled to these materials under Federal Rule of Criminal Procedure 26.2(f); *see also Denson*,

2016 WL 7210722, at \*1 (noting that even if they were within the government's possession, the

probation officer's notes are not "statements" of a witness as that term is defined under Federal

Rule of Criminal Procedure 26.2(a)).

###   III.     Federal Rule of Criminal Procedure 32.1(b)(2)(B)

Federal Rule of Criminal Procedure 32.1(b)(2)(B) requires "disclosure of the evidence

against the person."  This requirement applies only to the revocation hearing, not the preliminary

hearing.  *See* Fed. R. Crim. P. 32.1(b).  Where Probation's notes or file are not used as evidence

against the defendant, they are not discoverable.  *United States v. Tham*, 884 F.2d 1262, (9th Cir.

1989); *see also*, *United States v. Castelli*, 550 F. App'x 91, 94 (3d Cir. 2014) (finding no error in

refusing to allow the defendant to review probation's entire file where the defendant received all

lab test results and law enforcement reports regarding state arrest); *United States v. Neal*, 512

F.3d 427, 435-36 (7th Cir. 2008) (finding no error where government did not disclose police

officer's surveillance notes, reports, and physical evidence obtained in a gambling investigation

during supervised release proceedings where that evidence was not introduced during the

revocation hearing).  Hoage has already received broad discovery including signed admission

forms, lab results, correspondence with the drug testing facility, and information about the

defendant's discharge from his treatment program.  He is not entitled to more, especially at this

point in the proceeding.

That said, some courts have taken a broader view and have required limited production of

redacted versions of the probation's file.  Probation's chronological notes contain confidential

records including information regarding supervising techniques and assistance provided by third

parties, so "providing unfettered production of the confidential materials may have a chilling

effect on the probation officer's ability to conduct adequate supervision and should be strongly

disfavored." *Rivera-Rodríguez*, 321 F. Supp. 3d at 281-82.  At least one court has conducted an

*in camera* review of the file, with the assistance of the probation officer, to see whether anything

in the file was used as evidence for the charged violations to determine whether any portion of

the file is discoverable.  *Denson*, 2016 WL 7210722, at *1.  Similarly, at least one court has

ordered probation to disclose only those notes that relate to the alleged violations, "including

notes that may exculpate the defendant's conduct, after the same has been redacted to protect or

conceal information regarding third parties, or any information that may compromise the

personal safety of any individual." *Rivera-Rodríguez*, 321 F. Supp. 3d at 282.

## IV.      Conclusion

For the reasons set forth above, the Government respectfully requests that the Court deny

the defendant's request to produce Probation's file.  In the alternative, the Government requests

that the Court conduct an *in camera* review of the file with the assistance of the probation officer

to determine whether anything in the file is discoverable.

Dated:  January 23, 2023                            Respectfully submitted,

                                                    JANE E. YOUNG
                                                    United States Attorney

                                  By:      /s/ Anna Z. Krasinski
                                           Anna Z. Krasinski
                                           Assistant U.S. Attorney
                                           53 Pleasant Street, 4th Floor
                                           Concord, New Hampshire 03301
                                           (603) 225-1552
                                           anna.krasinski@usdoj.gov